No. 526

IRWIN et al v. TOLEDO F. & F. RY. CO.

No. 18000. In Supreme Court of Ohio

Proceedings on motion to require Lucas Appeals to certify. Docketed 1924. 2 Abs.

### 114. ATTORNEY FEES.

This case comes before the Supreme Court of Ohio on a motion to certify. This was an action for attorney fees brought by Irwin and Thatcher. The plaintiffs had originally been employed to prosecute an action for wrongful death of Albright against the Railway Co. The plaintiffs had been employed by the administrator who had signed the ordinary contingent fee contract, which provided for one-third of any amount recovered in an action or one-fourth of a settlement. The Railway Co. offered $10,000 in settlement. At this point one Smith and one Cole induced the administrator to sign a contract employing them and to attempt a dismissal of the plaintiffs. Irwin refused to be discharged. Finally the Company settled the case direct for $11,000. Of this fund $2,000 was paid into the hands of a bank to be held as an indemnity in case the administrator and widow were held for attorney fees.

The plaintiffs then filed an action for their share of this amount. The trial court held that the administrator was liable in the sum of $2,750. The court also fund that the deposit in the bank should be applied toward the payment of this claim. The court cut off all rights of Cole and Smith to the fund in question and found in favor of the Railway Company. Error was prosecuted to the Court of Appeals. The Appeals held that the $2,000 in the bank should be awarded the plaintiffs, but reduced the judgment $250 upon the ground that the largest sum which the plaintiffs were able to procure was $10,000 instead of $11,000, but made no finding as to the Railway Company. The plaintiffs prosecuted error to the Supreme Court of Ohio, claiming the following errors:

1. As the Railway Company had written notice of the rights of plaintiff it was liable for one-fourth of the amount of the settlement by directly settling the same, and plaintiffs were in the position of lien holders against a portion of any fund which might arise as the result of either suit or settlement.

2. That the court erred in reducing the amount of plaintiffs' interest in said settlement.